GREEVY, P. J.,
— The Fidelity National Bank of Philadelphia, Trustee for the Williams-port Growers Market Company, filed a “petition for payment of money into court pending determination of party entitled thereto as shareholder in Williams-port Growers Market Company.”
The petition alleges “that there is a substantial dispute between Frank E. Eck on the one part and J. A. Eck & Sons on the other part as to which is entitled to liquidation payment of $194.05 per share on the five shares of Williamsport Growers Market Company registered in the name of the latter but presently in the possession of the former.”
Upon consideration of the petition, this court directed that $970.25, being the liquidation amount for the five shares of stock, be paid over to the Prothonotary of Lycoming County pending the outcome of the dispute as to which one was “lawfully entitled to said sum as owner of certain five shares ofWilliamsport Growers Market Company.”
Howard A. Eck, liquidator of J. A. Eck & Sons, Inc., filed a complaint under Pennsylvania Rule of Civil Procedure 2309, asking that the $970.25, less lawful poundage, be awarded to him as liquidator of J. A. Eck & Sons, Inc. This complaint was served on Frank E. Eck and Williamsport Growers Market Company. An answer containing additional matter was filed by Frank E. Eck asking that the sum be awarded to him. An answer thereto was filed by Howard A. Eck, liquidator of J. A. Eck & Sons, Inc. A full hearing was held and from the testimony and stipulation entered into the court makes the following
*695 FINDINGS OF FACT
1. In the 1920’s James A. Eck and his four sons, Walter A. Eck, Howard A. Eck, J. Otto Eck and Frank E. Eck, formed a partnership called James A. Eck & Sons.
2. James A. Eck & Sons was engaged in the gravel business, the growing and sale of farm produce.
3. On December 31,1931, the Williamsport Growers Market Company issued certifícate no. 128, for five of its common shares of stock to James A. Eck & Sons.
4. On April 2, 1933, Frank E. Eck, one of the partners, assigned the stock to himself. On the back of the stock certificate appears:
“For Value Received we hereby sell, assign, and transfer unto Frank E. Eck -5- Shares of the Common Stock represented by the within Certificate, and do hereby irrevocably constitute and appoint - Attorney to transfer the said Stock on the books of the within named Corporation with fall power of substitution in the premises.
“Dated April 2,1933
In presence of
J. Otto Eck James A. Eck & Sons
per Frank E. Eck”
5. Stock certificate no. 128 has been in the possession of Frank E. Eck since that date.
6. On May 18, 1933, James A. Eck, Walter A. Eck, Howard A. Eck, J. Otto Eck and Frank E. Eck formed a corporation under the name of “J. A. Eck & Sons, Inc.” and the partnership of James A. Eck & Sons was dissolved.
7. The same persons who were members of the partnership were the incorporators of the corporation.
8. Each of the five incorporators of the corporation received 100 shares of stock of J. A. Eck & Sons, Inc., in exchange for the assets of the partnership.
*696 9. The partnership “James A. Eck & Sons” assigned all its assets to “J. A. Eck & Sons, Inc.”
10. The assets of the partnership at the time of the transfer included certificate no. 128, for five shares of the Williamsport Growers Market Company but the certificate itself was not delivered to J. A. Eck & Sons, Inc.
11. James A. Eck, one of the incorporators, died October 26, 1955.
12. J. A. Eck & Sons, Inc. was liquidated and Howard A. Eck named liquidator.
13. The Williamsport Growers Market Company was liquidated and the proceeds of $970.25, representing certificate no. 128, has been paid into court until the ownership of the stock has been determined.
14. Certificate no. 128 of Williamsport Growers Market Company and the proceeds now in the possession of the court, is the property of Howard A. Eck as liquidator of J. A. Eck & Sons, Inc.
DISCUSSION
The transfer of the five shares of Williamsport Growers Market Company stock to Frank E. Eck was in violation of the Pennsylvania Uniform Partnership Act. Section 9 (2) of the act, 59 PS §31, provides:
“An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way, does not bind the partnership unless authorized by the other partners.”
This section restricts the power of a partner to dispose of capital assets of a partnership which are not in the ordinary course of its business.
James A. Eck & Sons was engaged in the gravel business, the growing and sale of farm produce and not in the business of dealing in stocks even though the stock was of a market house.
The assignment of this stock by one of the part *697 ners to himself, even for the repayment of a debt, was not binding on the partnership unless it was authorized by the other partners. There is insufficient evidence in this case to establish such authorization.
The transfer of the stock in question was voidable at the instance of the other partners and it became the property of J. A. Eck & Sons, Inc., when the partnership assets were transferred to it even though the stock certificate remained in the possession of Frank E. Eck and was not delivered in kind to the corporation.
J. A. Eck & Sons, Inc., was not guilty of laches in presenting its claim as Frank E. Eck has not been prejudiced by any failure of the corporation to take prior action in regards to the stock.
We make the following
CONCLUSIONS OF LAW
1. The transfer of certificate no. 128, for five of the common shares of the Williamsport Growers Market Company to Frank E. Eck was in violation of the Pennsylvania Uniform Partnership Act.
2. The certificate in question and the proceeds now in the possession of the court is the property of Howard A. Eck, liquidator of J. A. Eck & Sons, Inc.
We make the following
DECREE
And now, March 9, 1971, it is hereby ordered and decreed, that title to certificate no. 128, and the proceeds therefrom, now in the custody of the court, is the property of J. A. Eck & Sons, Inc. The Prothonotary of the Court of Common Pleas of Lycoming County is hereby authorized and directed to pay to Howard A. Eck, liquidator of J. A. Eck & Sons, Inc., the sum of $970.25, less poundage thereon. This order to become final within 20 days after the filing of this decree, unless exceptions are filed hereto.